UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF GS MORTGAGE SECURITIES CORPORATION III COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2011-GC3,<br><br>Plaintiff,<br><br>-against-<br><br>GTA REALTY II, LLC, NANCY LAUNI and ROCCO LAUNI,<br><br>Defendants. | Case: 14-CV-3508 (TPG) (MHD) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/27/14

## ORDER APPOINTING RECEIVER

On reading and filing the annexed Memorandum of Law in Support of Plaintiff's Motion for the Appointment of a Receiver, signed and filed on June 4, 2014, the Declaration of Harvey Lederman, sworn to n June 3, 2014, the Declaration of Jason A. Nagi Supporting Expedited Relief to Appoint a Receiver, date June 3, 2014, the Defendants' Memorandum of Law in Opposition signed and filed on June 25, 2014, the Declaration of Rocco Launi, sworn to on June 25, 2014, the Declaration of Bruce A. Feldman Opposing Expedited Relief to Appoint a Receiver, dated June 25, 2014, the Defendants Reply Memorandum of Law dated June , the Declaration of Harvey Lederman, sworn to on June 25, 2014, the Declaration of Harvey Lederman, sworn to on June 24, 2014, and upon the exhibits annexed thereto, and upon the Verified Complaint filed in this matter, and upon the exhibits annexed thereto, and upon all other papers and proceedings already had herein, and it appearing to the satisfaction of this Court that this action is brought to foreclose a mortgage on a parcel of real estate in the County of New York from which it appears that the Plaintiff U.S. Bank National Association, as Trustee for the Registered Shareholders of

GS Mortgage Securities Corporation III Commercial Mortgage Pass-Through Certificates, Series 2011-GC3, a citizen of the state of Ohio ("Plaintiff" or "Lender"), is the owner and holder of a certain mortgage on the premises hereinafter described, and Defendant GTA Realty II, LLC (the "Borrower") is in default in the payment of obligations owed to Plaintiff, which obligations are secured by such mortgage, and that the within proceeding has been instituted for foreclosure of said mortgage, and that said mortgage contains a clause authorizing the appointment of a Receiver for all rents and profits of said premises, without notice, in the event of foreclosure thereof.

NOW, on motion of Polsinelli PC, attorneys for the Plaintiff, it is

ORDERED, that GlassRatner Management & Realty Advisors, LLC ("GlassRatner") is hereby appointed to act as receiver (the "Receiver") with respect to all real property, improvements thereon, and personal property identified in the mortgage, a copy of which is attached hereto as Exhibit A (the "Mortgage"), which real property includes property located at 287 Bleecker Street, New York, New York 10014 and 184 Prince Street, New York, New York 10012 (all of the foregoing, collectively, the "Property"), and the Court further orders as follows:

(a)     the Receiver is appointed to act and serve as receiver with respect to the income from the Property, whether now existing or hereafter collected, including any and all rights of Borrower in the Property, including any and all accounts, rights to payment, contract rights, chattel paper, documents, instruments, licenses, contracts, agreements and general intangibles relating to any of the Property,

(b)     Immediately, the Receiver shall take and have complete and exclusive control, possession and custody of the Property, together with any and all bank accounts and other forms of deposits for the Borrower relating to rents and security deposits,

(c) Immediately, the Receiver shall take any and all actions the Receiver deems reasonable and appropriate to prevent waste to and to preserve, secure, manage, maintain and safeguard the Property and all other forms of property to which the Receiver is entitled to take possession and control under this Order;

(d) Immediately, Borrower and all persons acting under its direction, including any current manager of the Property, shall deliver possession of the Property to the Receiver, without any right of offset or recoupment, including: (1) all duplicate keys; (2) copies of all leases and communication and correspondence files relating thereto and upon originals of same for any litigation requiring the introduction of such documents; (3) all security deposits, rent, prepaid rent, other sums relating to the use, enjoyment, possession, improvement or occupancy of all or any part of the Property, and any accountings of any of the foregoing; (4) a current list of the occupants of the Property, including all data with respect to each occupant; (5) any and all accounts receivable and accounts payable reports; (6) copies of any and all documents pertaining to any ongoing litigation; (7) any and all documents pertinent to any licenses maintained in connection with the Property, and all communications and correspondence pertinent thereto; (8) any and all documents pertinent to any agreements entered into in connection with the Property, and all communications and correspondence pertinent thereto; (9) any and all contracts in effect with respect to any of the Property, and all communications and correspondence pertinent thereto; (10) any and all contracts, bids or other materials relating to any contractor work at the Property; (11) any and all payroll records, employee files, applications and other materials relevant to those persons employed by or at the Property; and (12) all such other records pertaining to the management of the Property;

(e)     Immediately, Borrower and all persons acting under its direction, including any manager of the Property, are enjoined from in any manner disturbing the Receiver's possession of the Property or any other property that is the subject of the Court's order, and are prohibited and restrained from disposing of, dissipating, mishandling or misappropriating any of the Property or other such property, and are prohibited and restrained from collecting any rents or other sums due to any Borrower, all until further order of the Court;

(f)     the Receiver is immediately vested with (and Borrower and its respective agents, including the property manager, shall immediately deliver) the books and records with respect to the operation of the Property, including any and all information related to: (1) rent rolls and leases affecting the Property; (2) amounts paid by lessees and other obligors of Borrower; (3) liens, encumbrances and other interests against or affecting the Property; (4) property taxes owed by Borrower; (5) all types of insurance affecting the Property; (6) plans, specifications, surveys and drawings of the Property; (7) access codes to the Property and any units therein; (8) all operating statements of Borrower; (9) all maintenance manuals for any equipment located at the Property; and (10) all other aspects of the Property and the operation and management thereof;

(g)     the Receiver shall allow Plaintiff and its agents access to the Property at all reasonable times;

(h)     the Receiver is authorized to manage, operate, and lease and engage a broker for leasing, if necessary,

(i)     the Receiver is authorized to retain, hire or discharge employees at the Property, without any liability to the Receiver,

(j)     the Receiver is authorized to make payments and disbursements, in the ordinary course of business, as may be needed and proper for the preservation of the Property;

(k)     the Receiver is authorized to receive and collect any and all sums due and owing to Borrower, whether the same are now due or hereafter become due and owing, and to deposit such sums into an account in his/her own name (which sums shall not be commingled with any other funds) established and maintained by the Receiver and Receiver shall provide the identity of the account, the bank and the branch of the bank account to the Court, the Lender and the Borrower;

(l)     the Receiver is authorized to continue any current insurance policies in place (which neither Borrower nor any person or entity acting through Borrower will terminate or diminish in any manner) and is authorized (but not obligated) to purchase further insurance relating to the Property as the Receiver deems appropriate, subject to approval from Plaintiff;

(m)    the Receiver is authorized to pay all current and past due real estate taxes, personal property taxes and any other taxes and assessments against any of the Property, but subject to approval from the Plaintiff or the Court in the event net operating income from the Property is not sufficient to pay such taxes and assessments at any given time;

(n)     the Receiver is not responsible for the preparation of any tax returns for Borrower but shall maintain all records in connection with the management and operation of the Property to avoid any delay in the filing of the tax returns;

(o)     the Receiver is authorized to: (1) negotiate and enter into any new leases, occupancy agreements and contracts, for up to one year, in the ordinary course of the business of the Property and other property; (2) modify existing leases, occupancy agreements and contracts in the ordinary course of the business of the Property; (3) pay all utilities, expenses and other obligations secured by, or which may give rise to, liens, and all other outstanding obligations to suppliers and servicers in the ordinary course of business, including, with approval from

Plaintiff, obligations incurred prior to the commencement of the receivership so long as the Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; (4) make repairs necessary to the maintenance of the Property and other property, including but not limited to all repairs necessary to remediate any environmental conditions present at the Property, in order to preserve the Property and other property in the ordinary course of business, provided, however, that the Receiver shall not make any improvements, repairs or remediation having a cost of $5,000.00 without first obtaining approval from the Plaintiff; and (5) take all steps necessary to comply with all requirements, regulations and laws, including but not limited to environmental or health requirements, regulations and laws, applicable to the Property, and to deal with all regulatory authorities in connection with the same;

(p)     the Receiver is authorized to, in its discretion, institute, prosecute, defend, compromise and/or intervene in or become a party to such actions or proceedings in state or federal courts which may in the Receiver's opinion be necessary for the protection, maintenance and preservation of the Property, for the carrying out of the terms of any order of the Court affecting the Property, to collect rents and other amounts now or hereafter becoming due, to remove tenants or other persons or entities from the Property, and/or to defend against any action brought against the Receiver acting in such capacity;

(q)     the Receiver is authorized to enter into further lending transactions by which Plaintiff may advance monies to the Receiver (on a nonrecourse basis as to Receiver) in accordance with the terms of the Mortgage, to enable the Receiver to perform his/her duties hereunder for necessary expenses for the preservation of the Property only and shall not be used to pay any Mortgage Loan to Lender, its successors or assigns, in which case any monies loaned

shall be secured by a first and prior lien and security interest on the Property in favor of Plaintiff, pursuant to Plaintiff's existing Loan Documents (as such term is defined in Plaintiff's verified complaint);

(r) the Receiver may apply income from the Property, subject to the lien rights of Plaintiff, as follows: (1) to the Receiver's approved fees and expenses; (2) to current operating expenses of the receivership and the Property incurred by the Receiver in the ordinary course of business; and (3) to the obligations owed to Plaintiff under the Loan Documents or otherwise;

(s) the Receiver is authorized to maintain sufficient cash on hand to enable the Receiver to meet expenses, in an amount to be agreed to between the Receiver and Plaintiff;

(t) the Receiver is directed to file with the Court and serve on parties of record, within 45 days of entry of the order of the Court, and not less than quarterly thereafter, and within 30 days after termination of the receivership, full and complete reports, under oath, detailing receipts, disbursements and transactions affecting the Property;

(u) the Receiver is directed to post a surety bond in the amount of $350,000.00, the cost of which shall be an expense of the receivership;

(v) no person or entity may file suit against the Receiver, in his/her capacity as Receiver, unless otherwise authorized in advance by this Court;

(w) the Receiver, and those agents and any property manager acting under his/her control, shall have no personal liability in connection with their conduct in the course of this receivership, except for claims due to their gross negligence, gross or willful misconduct, malicious acts, or failures to comply with the orders of this Court provided the Receiver is added as an additional insured on all policies of insurance for the Property;

(x) the Receiver is authorized to undertake all actions specifically set forth in this Order, as well as to exercise the usual and customary powers accorded to a receiver under New York law (except as otherwise limited by this Order or any subsequent order of the Court);

(y) the Receiver may be removed upon an order of the Court, in which event the Court shall appoint a substitute receiver or terminate the Receivership;

(z) nothing contained in this Order shall be construed as obligating the Receiver to advance its own funds in order to pay the costs and expenses of the receivership that have been approved by the Plaintiff and the Court;

(aa) the Receiver may apply at any time to the Court, with notice to all other parties in this case, for further instruction and for further power necessary to enable the Receiver to properly fulfill its duties;

(bb) the bond of the Receiver shall be canceled, and the Receiver discharged, upon the Court's approval of the Receiver's final accounting upon a motion made by Plaintiff with a copy of same served upon Borrower or its counsel;

(cc) the entry of this Order shall not in any manner prejudice any of the other rights and remedies of Plaintiff under its Loan Documents and under applicable law;

(dd) the entry of this Order shall not in any manner preclude any consensual resolution that may be reached between Plaintiff and Borrower, and the Receiver shall abide by the terms of any such consensual resolution;

(ee) Receiver shall forthwith deposit all monies received by him/her at the time he/she receives same, in his/her own name as Receiver, in a reputable federally insured bank and no withdrawals will be made therefrom except as authorized in this Order;

(ff) any action of the Receiver authorized in this Order shall require the consent of Plaintiff if and when such action, if undertaken by Defendant, would require Plaintiff consent or authorization under any Loan Document; and

(gg) upon the representations of Plaintiff and its counsel, GlassRatner is qualified to act as Receiver in this matter. In order to act as receiver with respect to the Property, GlassRatner is and shall be entitled to charge a start-up fee of $2500.00 and then charge a receivership / management fee equal to five percent (5.0%) of the Property's monthly gross income, which fees shall be the total compensation to be paid to the Receiver in this matter;

(hh) The Borrower shall have the right all times to have access to the Property and the records and leases of the Property to arrange a sale or financing for such purpose to satisfy and payoff the Lender's mortgage and thereupon terminate the receivership and dismiss this Action, provided it is to enhance and not detract from the property. The Borrower shall have the right at all times to arrange a sale or financing for the Property and the Receiver shall cooperate with Borrower and in no manner hinder, prevent or obstruct the Borrower from Borrower's efforts to complete a sale of loan.

The Receiver shall authorize and reasonably assist Borrower in the procurement and completion in any loan or sale relating to either or both parcels of the Property to satisfy the Lender's mortgage. The Receiver and any authorized services of the Receiver shall promptly without delay, upon request of the Borrower, provide a complete payoff detail and amount in connection with Borrower's request to payoff of the Loan including any ancillary expenses incurred, such that the Borrower may expeditiously satisfy the Loan and terminate this Receivership. The Receiver shall not engage any special counsel or professional for sums

without a further Court order. Nothing contained in this Order shall diminish the Borrower's right to redeem or payoff and satisfy the Loan and Mortgage relating to this Receivership.

_____, Part I, 8/27/14
The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York